IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2016

## BRENT RICHARDSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
No. C12168          Kyle C. Atkins, Judge
_____

**No. W2015-01533-CCA-R3-PC  -  Filed July 20, 2016**
_____

A Madison County jury convicted the Petitioner, Brent Richardson, of first degree felony murder, second degree murder, carjacking, aggravated robbery, aggravated burglary, aggravated assault, and aggravated kidnapping. The trial court sentenced the Petitioner to serve an effective life sentence plus forty years in the Tennessee Department of Correction. On appeal, this Court affirmed the judgments. *State v. Brent Richardson*, W2009-00778-CCA-R3-CD, 2010 WL 2473299 (Tenn. Crim. App., at Jackson, June 17, 2010), *perm. app. denied* (Tenn. Nov. 10, 2010). The Petitioner filed an untimely petition seeking post-conviction relief on June 19, 2012, alleging that he had received the ineffective assistance of counsel. After a hearing regarding whether the Petitioner's petition was untimely filed, the post-conviction court dismissed the petition as time-barred. We affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Lloyd R. Tatum, Henderson, Tennessee, for the appellant, Brent Richardson.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; James G. Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts

A Madison County jury convicted the Petitioner of offenses related to a March 2007 robbery and shooting in Jackson, Tennessee. The Petitioner appealed his

convictions and this Court affirmed the convictions. *State v. Brent Richardson*, W2009-00778-CCA-R3-CD, 2010 WL 2473299 (Tenn. Crim. App., at Jackson, June 17, 2010), *perm. app. denied* (Tenn. Nov. 10, 2010). On November 10, 2010, our Supreme Court denied the Petitioner's application to appeal this Court's decision to affirm the convictions. Approximately seventeen months later, on June 19, 2012, the Petitioner filed a petition for post-conviction relief, which he amended on May 11, 2015. In response, the State raised the statute of limitations defense.

On June 3, 2015, the post-conviction court held a hearing on the petition. The State argued that the post-conviction petition was untimely filed. The Petitioner's attorney agreed with the State's recitation of the procedural history of the case and agreed that the petition was filed outside the one-year statute of limitations period. The Petitioner's attorney argued that the statute of limitations should be tolled for equitable considerations. The Petitioner testified that the attorney representing him on direct appeal failed to notify him of post-conviction procedure and that he learned of post-conviction relief through another inmate. After hearing the evidence and argument of the parties, the trial court concluded that the petition was time-barred by the one-year statute of limiations. It is from this judgment that the Petitioner appeals.

## II. Analysis

The Petitioner asserts that he is entitled to an equitable tolling of the post-conviction statute of limitations because his attorney failed to notify him of post-conviction procedure. The State responds that the Petitioner has failed to show that he is entitled to a due process tolling of the statute of limitations. We agree with the State.

A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a) (2012). The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id.* In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the post-conviction court is required to summarily dismiss the petition. T.C.A. § 40-30-106(b) (2012).

Tennessee Code Annotated section 40-30-102(b) sets out three exceptions to the statute of limitations for petitions for post-conviction relief:

No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Additionally, due process concerns may toll the statute of limitations for post-conviction relief. The Tennessee Supreme Court has stated:

[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

*Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)).

In the case under submission, the Petitioner was required to file his petition for post-conviction relief within one year of November 10, 2010, the date of the final action of the highest state appellate court to which an appeal was taken. *See* T.C.A. § 40-30-102(a) (2012). The Petitioner filed his petition on June 19, 2012. This filing occurred more than one year after the Tennessee Supreme Court denied the Petitioner's application seeking appeal, and thus, was barred by the statute of limitations. The Petitioner does not allege, nor do we find applicable, any of the statutory exceptions to the one-year statute of limitations. After reviewing the record and the Petitioner's claims, we conclude that

the Petitioner has been "provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner," *Burford*, 845 S.W.2d at 208. Therefore, due process does not require the tolling of the statute of limitations. The post-conviction court properly dismissed the Petitioner's petition.

### III. Conclusion

After a thorough review of the record and relevant authorities, we affirm the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

4